UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

J.A.A.,

      *Plaintiff*,

v.

THE RAWLINGS COMPANY, LLC

      *Defendant.*

CASE NO. 2:19-cv-01036-BJR

ORDER FINDING NO PERSONAL JURISDICTION AND TRANSFERRING VENUE

## I. INTRODUCTION

J.A.A. (J.A.A. or Plaintiff) brings this action for negligence against Defendant Rawlings Company, LLC (Rawlings) based upon Rawlings's alleged negligent training and supervision of one of Rawlings's employees. Presently before the Court is Rawlings's motion to dismiss or change venue. *See* ECF No. 9. J.A.A. opposes the request. *See* ECF No. 13. Rawlings's motion challenges this Court's jurisdiction over it. After considering the parties' submissions, the record of the case, and the relevant legal authorities, the Court decides that it is in the interest of justice that the case be transferred to the Western District of Kentucky.

## II. BACKGROUND

Rawlings is a Kentucky corporation with its principal place of business in La Grange, Kentucky, an office in Florence, Kentucky, and an office in Van Nuys, California. ECF. No 7 at 1. Rawlings provides subrogation outsourcing and other services to healthcare clients throughout the country, including Premera Blue Cross, Plaintiff's insurance company. ECF No. 1 at 2. To perform its services, Rawlings receives paid insurance claims data from its health insurance clients

1

and then sends out collection notices based on that data. ECF No. 17 at 1. Paid insurance claims data received by Rawlings does not include medical chart notes. *Id.* The insurance data is stored on Rawlings's servers in Kentucky and Georgia. *Id.*

On May 7, 2016, Plaintiff, then a resident of King County, Washington and now a resident of New Jersey, met Rawlings's employee, Brandon Ray (Mr. Ray or employee) at the Kentucky Derby. ECF No. 1 at 1-2; ECF No. 26 at 1. Their relationship became romantic. *Id.* Mr. Ray revealed to Plaintiff on April 30, 2018 that he looked through Plaintiff's "medical history" while at work. *Id.* at 3. On May 1, 2018, Mr. Ray told Plaintiff that he regularly accessed medical records unrelated to his work. *Id.* at 4. As a result of this disclosure, Plaintiff brings this suit for negligence and breach of contract by Rawlings. *Id.* at 1.

### III. PERSONAL JURISDICTION

A Court must dismiss a claim for lack of personal jurisdiction over the Defendant. *See* Fed. R. Civ. P. 12(b)(2). When the defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The court reviewing a Rule 12(b)(2) motion for lack of personal jurisdiction must take as true the allegations of the non-moving party and resolve all factual disputes in its favor. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1107 (9th Cir 2002). When there is no applicable federal statute governing personal jurisdiction, the district court must apply the law of the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 312 (9th Cir. 1987). Washington's long-arm statute is coextensive with federal due process. *See Shute v. Carnival Cruise Lines*, 113 Wn.2d 763, 771 (Wash. 1989). Therefore, the court need only determine whether the exercise of personal jurisdiction is consistent

with federal due process limits under the 14th Amendment. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).

Rawlings argues that it is not subject to the jurisdiction of this Court and, therefore, this suit should be dismissed or transferred pursuant to Fed. R. Civ. P. 12(b)(3) (improper venue). Plaintiff opposes Rawlings's assertion that there is an absence of personal jurisdiction and asserts, to the contrary, that this Court has specific and/or general jurisdiction over Rawlings.

*A. General Jurisdiction*

Rawlings alleges in its motion that it is not subject to personal jurisdiction in Washington via the theory of general jurisdiction. In support of its contention, Rawlings notes that 1) it has no offices in the state and 2) its conduct is not sufficiently continuous or systematic to warrant jurisdiction. Plaintiff argues that Rawlings's contacts with Washington are sufficiently continuous and systematic to subject it to general jurisdiction within the state. ECF No. 13 at 7.

A court obtains general jurisdiction over a defendant when that defendant has its place of incorporation in the forum, its principal place of business within the forum, or continuous and systematic contacts with the forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). In this case, Rawlings's principal place of business is in La Grange, Kentucky, and its other two offices are in Florence, Kentucky and Van Nuys, California. ECF. No 7 at 1. There is no evidence that either Rawlings's principal place of business or its place of incorporation is within the state of Washington. *Id.*

When a defendant's place of incorporation and principal place of business is outside of the forum, the standard for proving the existence of general jurisdiction over a nonresident defendant is "fairly high. . ." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (finding no general

3

jurisdiction in Texas where defendant bought 80% of its parts over four years for its products, accepted bank account checks drawn on a Houston bank, sent its executive for travel, and sent employees for training); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (finding that Georgia defendant's several license agreements with television networks and vendors in California and regular telephone calls were insufficient to establish general jurisdiction). And the contacts that suffice for general jurisdiction are thoroughly systematic and continuous. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952) (holding that a Philippine corporation was subject to the general jurisdiction of Ohio because its president—also the general manager and principal stockholder—ran the corporate office from his home in Ohio, handling correspondence, business files, directors' meetings, and major financial matters in the state and through its banks).

Rawlings's principal contact with Washington, its regular mailing of collection notices from its office in Kentucky to Washington residents, is not a sufficient basis for asserting general jurisdiction over the company. ECF No. 15 at 2. Mailing collection notices simply do not rise to the all-encompassing corporate activity the Supreme Court found indicative of general jurisdiction in *Perkins*, where the Philippine corporate defendant's president operated the corporation from his home in Ohio. *See Perkins*, 342 U.S. at 447-48; ECF No. 15 at 2. Rawlings's notices are similar to defendant's activities in *Bancroft*, where the court held that phone calls and letters "are not activities which support a finding of general jurisdiction." *See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 45 F. Supp.2d 777, 781 (N.D. Cal. 1998) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984)); ECF No. 15 at 3.

Moreover, unlike in *Helicopteros*, where the defendant's employees and executives frequently traveled to the forum for business, there is no evidence that Rawlings has any employees

4

based in, or that travel to, Washington. *See Helicopteros*, 466 U.S. at 418; ECF No. 7 at 1. Even Rawlings's collection notices – the only contacts with the forum of which this Court is aware – are payable to its office in La Grange, KY, not a bank in the forum as was the case in *Perkins*. *See Perkins*, 342 U.S. at 447-48 (finding that defendant's payment of his employees' salaries from an Ohio bank account contributed to the finding of general jurisdiction); ECF No. 15 at 2.

Rawlings's contact with Washington constitutes "commerce with residents of the forum state," but "is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Bancroft*, 223 F.3d at 1086. The Court concludes that without a showing of sufficiently continuous and systematic contacts, Rawlings is not within the general jurisdiction of this Court.

*B. Specific Jurisdiction*

Plaintiff avers that because Rawlings purposefully directed its activities toward Washington and through its work for Premera obtained and improperly used her Personal Health Information (PHI), this Court has personal jurisdiction over it. This Court finds otherwise. Rawlings's contacts with the forum do not amount to contacts sufficient to establish specific jurisdiction.

The Ninth Circuit's tripartite test for specific jurisdiction is as follows:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff must prove the first two prongs of the test; failure to satisfy either of the two prongs results in a failure to establish specific jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

The Ninth Circuit employs two different tests for the first prong of its specific jurisdiction test. *See Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (holding that purposeful availment includes the distinct concepts of purposeful direction and purposeful availment). Purposeful availment is used when the suit sounds in contract and purposeful direction is used when the suit sounds in tort. *Schwarzenegger*, 374 F.3d at 802. Because there is no contract between Rawlings and Plaintiff, and Plaintiff's claim is based in negligence, the Court focuses on purposeful direction.

*a. First Prong: Purposeful Direction*

To determine whether there was purposeful direction, the Court examines evidence of Rawlings's activities outside of but directed towards the forum. *Id.* at 803 (holding that "the distribution in the forum state of goods originating elsewhere" constitutes purposeful direction). The test for purposeful direction used by the Ninth Circuit is the *Calder* effects test, which establishes specific jurisdiction if Rawlings's contact with the forum was: 1) an intentional act, 2) explicitly aimed at the forum state, 3) causing harm that the Rawlings knows is likely to be suffered in the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). An intentional act is not "mere untargeted negligence." *Calder v. Jones*, 465 U.S. 783, 789 (1984).

Plaintiff alleges that Rawlings's failure to properly train and supervise its employees in the handling of PHI proximately caused Plaintiff's injury. ECF No. 1 at 5. Rawlings training and supervising of Mr. Ray occurred entirely in Kentucky. ECF No. 7 at 1. No evidence has been

presented that Rawlings ever intentionally or expressly directed its training and supervision of Mr. Ray or any other employee toward Washington. Moreover, Plaintiff's is a negligence claim, which the Supreme Court expressly excluded from its definition of "intentional act" in *Calder*. *See Calder*, 465 U.S. at 789. In short, Rawlings's training and supervising of Mr. Ray was not an intentional act expressly aimed at the forum state because it was a negligent act occurring in Kentucky. Lacking an intentional act purposefully directed at the State of Washington, Plaintiff has failed to establish personal jurisdiction in this Court. *See Schwarzenegger*, 374 F.3d at 802 (holding that failure to establish purposeful direction or availment results in a failure to establish specific jurisdiction).

## IV. TRANSFER OF VENUE

When venue is improper in a civil suit, as it is here due to the Court's lack of personal jurisdiction, 28 U.S.C. § 1406(a) allows a district court to dismiss a suit or transfer it to a district "in which it could have been brought" if it is in the interest of justice. 28 U.S.C. § 1406(a); *Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp.2d 1209, 1211-12 (D. Haw. 2002). A court transferring under § 1406(a) need not have personal jurisdiction over the defendant. *Kawamoto*, 225 F. Supp.2d at 1214. In this suit, it is in the interest of justice to transfer instead of to dismiss. Neither party contests that the Western District Kentucky would be an appropriate forum for this suit.

## V. CONCLUSION

The Court ORDERS as follows:

Rawlings's Motion to Transfer Venue (ECF No. 9) to the Western District of Kentucky is GRANTED.

Dated this 12th day of November, 2019.

Barbara Jacobs Rothstein
U.S. District Court Judge